## Ebling's Estate.

*Decedents' estates—Next of kin—Great-grandchildren of brothers and sisters—Intestate Act of 1917.*

Under the Intestate Act of June 7, 1917, P. L. 429, there is no representation admitted among collaterals after the grandchildren of brothers and sisters, and, therefore, where grandnieces and grandnephews of the intestate survive him, with no living grandparent, but great-grandnieces and great-grandnephews also surviving, the latter are not the next of kin nor can they take by representation, and, therefore, they take nothing.

Adjudication. O. C. Berks Co., File No. 8876.

*A. B. Rieser & Son,* for accountants.

SCHAEFFER, P. J., Dec. 31, 1925.—With respect to the distribution of this fund, we note that the accountant has included in the list of heirs heretofore set out the great-grandchildren of brothers and sisters, with a view, we assume, of their participation in the distribution. If they were permitted to participate, it would have to be on the theory of representation of their deceased parents; and thus the question is raised whether representation among collaterals is permitted by law after the grandchildren of brothers and sisters.

By the 11th section of the Intestate Act of June 7, 1917, P. L. 429, it is provided that "the grandchildren of brothers and sisters and the children of uncles and aunts shall be entitled to take, by representation, the shares of real and personal estate which their parents would have taken if living; but, except as hereinafter provided, there shall be no representation admitted among collaterals after the grandchildren of brothers and sisters and the children of uncles and aunts."

Passing on this section of the Act of 1917 on a question as to whether second cousins were entitled to representation with first cousins, the Supreme Court, in Miles's Estate, 272 Pa. 329, said: "We agree with the court below that 'a clear view of the legislative intent is found by linking together the 10th, 11th and 19th sections of the act (and considering the 12th). It then appears that when there is a lapse of all those in succession to the intestate provided for in the other sections, the descendants of deceased grandparents inherit . . . (but when there are) cousins germane . . . (being) in the same degree of consanguinity, they take the whole of the estate in equal shares; and this view of the legislative intent precludes a distribution to the second cousins. In short, when there is no living grandparent, and first cousins of the intestate survive him, second cousins, also surviving, are not the next of kin (nearest blood relations), nor can they take by representation; hence, they do not take at all."

While this ruling of the court, under the 11th section of the act just quoted, is in favor of first cousins to the exclusion of second cousins by representation, where both classes survive, we believe it is just as applicable in favor of grandnephews and grandnieces to the exclusion of great-grandnieces and great-grandnephews by representation, where both classes survive, for the reason that the section of the act in question, in setting the limits to representation among collaterals, places the grandchildren of brothers and sisters (grandnieces and grandnephews) and the children of uncles and aunts (cousins) on the same plane, beyond which, in the circumstances of this case, representation shall not go. In short—repeating with only the necessary substitutions the conclusion just quoted in Miles's Estate, 272 Pa. 329—where there is no living grandparent, and grandnieces and grandnephews of the

intestate survive him, great-grandnieces and great-grandnephews, also surviving, are not the next of kin (nearest blood relations), nor can they take by representation; hence, they do not take at all.

From Charles K. Derr, Reading, Pa.